FILED ___ ENTERED
LODGED ___ RECEIVED

DEC 09 2019

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WHITE,<br><br>Defendant. | NO. CR19-253 RSL<br><br>**INFORMATION** |

The United States Attorney charges that:

## COUNT 1
### (Wire Fraud)

**A.     The Scheme and Artifice to Defraud**

1.     Beginning in 2011, and continuing until about August 2018, in Skagit County, within the Western District of Washington, and elsewhere, MATTHEW WHITE did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money by means of material false and fraudulent pretenses, representations, and promises and concealment of material facts, as set forth below.

2.     The essence of the scheme to defraud was to secure investor funds by claiming investment expertise and success he did not possess, then conceal the true

INFORMATION/WHITE - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

use of investor funds by sending false account statements to his victims. WHITE received well over a million dollars from family and other acquaintances to invest on their behalf, then pooled their money in his personal bank and trading accounts. Though he sent investors monthly statements purporting to show regular trading activity and steady profits, WHITE actually made very few trades, earned no net profits, and used customer money for his own personal expenses.

**B.     Manner and Means of the Scheme and Artifice to Defraud**

3. It was part of the scheme and artifice to defraud that, between 2011 and 2018, WHITE solicited and received approximately $1.29 million from victim investors in Florida and Washington for the purpose of trading commodity futures contracts, first under his own name and later under the company name M.W. Global Futures LLC ("MWGF"). At all relevant times, WHITE was the sole officer or employee of MWGF.

4. It was further part of the scheme and artifice to defraud that, to secure investor funds, WHITE held himself out to be a skilled commodities trader and distributed promotional materials that advertised his training and qualifications. For example, he touted himself to potential investors as "a full time Commodities Trader specializing in trading the U.S. Treasury Bonds" and claimed to have "received formal professional training from a proprietary trading firm based in Chicago, IL." He also claimed to be a member of the Chicago Board of Trade. None of these claims was true.

5. It was further part of the scheme and artifice to defraud that those promotional materials also falsely claimed that MWGF provided a high return on investment when compared to other investment options, stating, "On average, M.W. Global Futures LLC makes roughly 10% more annually than an investment in a common fund and is on par with the S&P 500."

6. It was further part of the scheme and artifice to defraud that, once in possession of investors' funds, WHITE would send investors monthly statements purporting to show the trading activity undertaken on their behalf and the resulting gain or loss for each trading day, as well as a summary of the beginning and ending monthly

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

balance and overall monthly profit. These statements, sent either through the U.S. mail or by electronic mail, falsely represented that WHITE engaged in trading every month, his trading was profitable, and investors were earning positive returns on their investments.

7. It was further part of the scheme and artifice to defraud that, in monthly statements for months in which WHITE did trade, he significantly inflated the amount of profits earned. The false account statements, which led victims to believe that their investments were earning substantial profits, induced victims to deposit additional funds with WHITE and MWGF.

8. It was further part of the scheme and artifice to defraud that these fabricated monthly statements did not reflect WHITE's actual trading activity, which was far less active and far less profitable than he represented on the statements. WHITE's true brokerage account showed that he made small, infrequent trades, and instead transferred at least a portion of the funds provided by the victims for investment to his own personal bank account to use for daily living expenses.

C.   **Execution of the Scheme and Artifice to Defraud**

9. On or about the date set forth below, in Skagit County, within the Western District of Washington, and elsewhere, MATTHEW WHITE, having devised the above-described scheme and artifice to defraud, for the purpose of executing this scheme and artifice, did knowingly transmit and cause to be transmitted by wire communication in interstate and foreign commerce the below-listed representative writings, signs, signals, pictures, and sounds:

| Count | Date | Wire Transmission |
|---|---|---|
| 1 | September 1, 2016 | Email attaching fabricated monthly trading statement sent from MATTHEW WHITE in Florida to C.C. in Washington State |

All in violation of Title 18, United States Code, Section 1343.

## ASSET FORFEITURE ALLEGATION

The allegations contained in Count 1 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture. Upon conviction of the offense contained in Count 1, the Defendant MATTHEW WHITE shall forfeit, to the United States, all property constituting or traceable to proceeds of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to a sum of money reflecting the proceeds the Defendant obtained from the offense.

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the Defendant,

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with a third party;
3. has been placed beyond the jurisdiction of the Court;
4. has been substantially diminished in value; or,
5. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any other property of the Defendant up to the value of the

//

//

///

INFORMATION/WHITE - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | above-described forfeitable property.
2 |
3 | DATED: December 9, 2019

_____
BRIAN T. MORAN
United States Attorney

_____
ANDREW C. FRIEDMAN
Assistant United States Attorney

_____
BENJAMIN T. DIGGS
Special Assistant United States Attorney

INFORMATION/WHITE - 5