1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                            Plaintiff,

              v.

MATTHEW WHITE,

                            Defendant.

No. CR19-253-RSL

**ORDER OF FORFEITURE**

THIS MATTER comes before the Court on the United States' Motion for Entry of an Order of Forfeiture ("Motion") seeking to forfeit, to the United States, the Defendant Matthew White's interest in the following property:

A judgment for a sum of money in the amount of $281,970.97, representing the proceeds the Defendant obtained as a result of his commission of Wire Fraud, in violation of 18 U.S.C. § 1343. The United States has agreed it will request the Attorney General apply any amounts it collects toward satisfaction of this forfeited sum to the restitution that is ordered. The United States also agreed that any amount the Defendant pays toward restitution will be credited against this forfeited sum.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate because:

Order of Forfeiture  - 1
*United States v. Matthew White,* CR19-253-RSL

1     •     The proceeds of Wire Fraud, in violation of 18 U.S.C. § 1343, are

2                 forfeitable pursuant to 18 U.S.C. §981(a)(1)(C), by way of 28 U.S.C.

3                 § 2461(c);

4     •     In his plea agreement, the Defendant agreed to forfeit the above-identified

5                 sum pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c), as it

6                 reflects the proceeds he obtained from his commission of the offense (Dkt.

7                 No. 11, ¶ 8); and,

8     •     This sum of money is personal to the Defendant; pursuant to Federal Rule

9                 of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party

10                ancillary process is required before forfeiting it.

11

12      NOW, THEREFORE, THE COURT ORDERS:

13      1.     Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and his plea

14 agreement, the Defendant's interest in the above-identified sum of money is fully and

15 finally forfeited, in its entirety, to the United States;

16      2.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Order will become

17 final as to the Defendant at the time he is sentenced; it will be made part of the sentence;

18 and it will be included in the judgment;

19      3.     No right, title, or interest in the identified sum of money exists in any party

20 other than the United States;

21      4.     Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this sum of money,

22 in whole or in part, the United States may move to amend this Order, at any time, to

23 include substitute property having a value not to exceed this sum of money; and,

24

25 ///

26

27

28 ///

Order of Forfeiture  - 2
*United States v. Matthew White,* CR19-253-RSL

5.      The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this 17th day of August, 2021.

_____
THE HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

 *s/ Michelle Jensen*
MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
(206) 553-2619
Michelle.Jensen@usdoj.gov

Order of Forfeiture  - 3
*United States v. Matthew White,* CR19-253-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970